**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

June 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9806-CC-00244** |
| Appellee, | ) | |
| | ) | **RUTHERFORD COUNTY** |
| VS. | ) | **(No. F-38145-A Below)** |
| | ) | |
| **DONDIE EUGENE TIDWELL,** | ) | **The Hon. James K. Clayton** |
| | ) | |
| Appellant. | ) | **(T.R.A.P. 9 Appeal)** |

## O R D E R

The defendant has filed application for permission to appeal pursuant to T.R.A.P. 9 from an order of the Rutherford County Circuit Court. In opposing the application, the state relies on its response in State v. Paul Dennis Reid, Jr., No. 01C01-9805-CC-00213. After reviewing the pleadings, we grant the defendant's Rule 9 application in the present case and affirm as modified the trial court's order.

The defendant is charged with first-degree murder. Additional criminal acts, not relevant to the issue presented in this application, were charged in the indictment. The state has filed a notice of intent to seek the death penalty against the defendant in the event he is convicted of first-degree murder.

The trial court entered an order compelling the defendant to give written notice if he intends to introduce evidence of his mental condition during the penalty phase. In the order, the trial court stated the following:

> The Defendant is hereby ordered to comply with Rule 12.2 of TN. Rules of Crim. Procedure via written notice to use the testimony of any expert concerning his mental capacity in any phase of the trial, including the penalty/sentencing phase. This written notice shall be delivered to the State's attorney no later than ASAP.

The defendant seeks permission to appeal this order.

Previously, in State v. Paul Dennis Reid, Jr., No. 01C01-9805-CC-00213

(Tenn. Crim. App., at Nashville, June 10, 1998), this Court entered an order on the identical issues raised in the present application. In Reid, the defendant sought to appeal an order of the Davidson County Criminal Court, issued by Judge Cheryl Blackburn, and an order of the Montgomery County Circuit Court, issued by Judge John H. Gassaway, III. Upon granting the applications, this Court affirmed the order of the Montgomery County Circuit Court and affirmed as modified the order of the Davidson County Criminal Court. In so doing, we ordered the trial courts to implement the following procedure for giving notice of intent to introduce evidence of a mental condition by a defendant at the penalty phase:

1. If the defendant intends to introduce mental condition testimony at a penalty phase, he must file written notice thereof no later than an appropriate date set forth by the trial court. The notice shall include the name and professional qualifications of any mental condition professional who will testify and a brief, general summary of the topics to be addressed that is sufficient to permit the State to determine the area in which its expert must be versed.

2. If the defendant files a notice that he intends to introduce mental condition testimony at the penalty phase, the defendant shall be examined by a psychiatrist or other mental health professional selected by the State, if requested. The State's examination shall take place within a reasonable time frame set forth by the trial court. The report of that examination and the expert report of any examination initiated by the defendant (if same exist) shall be filed under seal with the Court before the commencement of jury selection. The court-appointed mental condition professional conducting the examination for the State shall not discuss his/her examination with anyone unless and until the results of the examination are released by the Court to counsel for the State and counsel for the defendant following the guilt phase of the trial.

3. The results of any examination by the State expert and the defense expert (if same exist) shall be released to the State only in the event that the jury reaches a verdict of guilty of first degree murder and only after the defendant confirms his intent to offer mental condition evidence in mitigation. After the return of such a verdict, the defendant shall file a pleading confirming or disavowing his intent to introduce mental condition testimony at a penalty phase. If the defendant withdraws his previously-tendered notice, the results of any mental condition examinations concerning the defendant will not be released to the State. The reports of any examinations (whether by the State or defense experts) concerning the defendant shall be released to the State immediately after the filing of the pleading confirming the earlier notice. At the same time, the report of the State's expert shall be released to counsel for the defendant. Even if the defendant confirms his

> intent to offer mental condition evidence, the defendant may withdraw his notice of intent to raise a mental condition at any time before actually introducing such evidence, and, in that event, neither the fact of notice, nor the results or reports of any mental examination, nor any facts disclosed only therein, will be admissible against the defendant.

-3-

State v. Paul Dennis Reid, Jr., No. 01C01-9805-CC-00213, Slip Op. at 8.

In the present case, the trial court merely ordered the defendant to comply with Rule 12.2 by providing the state with written notice of his intent to use the testimony of any expert concerning his mental capacity in any phase of the trial, including the penalty phase, "ASAP." The order does not set forth any guidelines. Accordingly, the trial court's order is modified such that it shall comply fully with the procedure approved by our opinion in Reid. Costs of this appeal are taxed to the state.

PER CURIAM

Peay, J., Welles, J., Woodall, J.